IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUAN CARDENAS-VALDOVINOS
and JESUS ESCARENO                                                                                    PLAINTIFFS

v.                                     Case No. 4:24-cv-00508-LPR

UNITED STATES OF AMERICA, ARKANSAS
STATE POLICE, FEDERAL BUREAU OF
INVESTIGATION, DEPARTMENT OF JUSTICE,
and PHILLIPS AUCTION SALVAGE
TOWING AND RECOVERY                                                                                   DEFENDANTS

## ORDER

This Order, regrettably, DENIES Plaintiffs' Motion for a Temporary Restraining Order.[1] If the allegations in the Complaint turn out to be true, Mr. Escareno has been the victim of a Kafkaesque abuse of government power. And he now stands to lose his tractor and trailer as a result. The Court wishes it could provide the temporary relief that Mr. Escareno seeks. But, for the following reasons, the Court cannot do so.

The Court employs the same four-factor test to analyze motions for temporary restraining orders that it does for motions for preliminary injunctions.[2] The test, as laid out by the Eighth Circuit in *Dataphase*, requires the Court to consider the following factors: (1) "the probability that [the] movant will succeed on the merits"; (2) "the threat of irreparable harm to the movant"; (3) "the state of balance between [the harm of not granting the temporary restraining order] and the injury that granting the [temporary restraining order] will inflict on other parties"; and (4) "the public interest."[3] It is the movant's burden to prove these factors by a preponderance of the

---

[1] *See* Pls.' Mot. for TRO (Doc. 5).

[2] *See Mays v. Thurston*, No. 4:20-CV-341-JM, 2020 WL 1531359, at *1 (E.D. Ark. Mar. 30, 2020) (applying the factors from *Dataphase Sys., Inc. v. C L Sys., Inc.*, to a temporary restraining order analysis).

[3] 640 F.2d 109, 113 (8th Cir. 1981).

evidence.[4]  Furthermore, the Court may issue an *ex parte* restraining order "*only if* . . . specific facts in an affidavit or a verified complaint *clearly show* that immediate and *irreparable* injury, loss, or damage will result" without it.[5]  But Mr. Escareno's Complaint and Affidavit are devoid of any specific facts that could demonstrate a threat of irreparable injury.

Mr. Escareno has failed to clearly show that irreparable harm is likely in the absence of temporary relief.[6]  Irreparable harm is an irreducible minimum for a temporary restraining order.[7]  The Eighth Circuit is clear, "[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages."[8]  But Mr. Escareno cannot chin the irreparable-harm bar.  As explained in further detail below, Mr. Escareno has not alleged facts sufficient to support a finding—by a preponderance of the evidence—that he could not be made whole through damages alone.

Mr. Escareno alleges that Phillips Auction Salvage Towing and Recovery is going to auction off his tractor and trailer on June 20, 2024.[9]  That certainly qualifies as an injury.  But nothing in Mr. Escareno's pleadings indicates that the injury he faces is not "quantifiable and compensable with money damages" at the resolution of this case.[10]  Mr. Escareno does not allege any legal bar to obtaining monetary relief at the end of this case.  Instead, he argues that "[t]he

---

[4] *See Baker Elec. Co-Op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

[5] Fed. R. Civ. P. 65(b)(1) (emphases added).

[6] *See* Fed. R. Civ. P. 65(b)(1)(A) (requiring that the movant allege "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

[7] *See Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 24 (2008); *Starbucks Corp. v. McKinney*, No. 23-367, slip op. at 5–7 (June 13, 2024).

[8] *See Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).

[9] *See* Pls.' Mot. for TRO (Doc. 5) at 3.  *See also* May 2, 2024 Notice of Sale Ex. to Pls.' Mot. for TRO (Doc. 5-1) at 11.

[10] *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1020 (8th Cir. 2020).  *See also General Motors*, 563 F.3d at 319 ("Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.").

[t]ractor and [t]railer are custom, with unique features that enhance its value[,]" "[t]he uniqueness of the [t]ractor and [t]railer command a premium, which an expedited auction will not bring[,]" and "[i]f the auction is allowed [to proceed] on June 20, 2024, [Mr. Escareno] will lose his [t]ractor and [t]railer with little or no compensation, resulting in irreversible injury, loss, and damage."[11] But Mr. Escareno never explains—not in his Motion, not in his Affidavit, and not in his Brief—what unique features he is talking about, what amount of premium would be forgone at an auction, and why he would not be able to recoup the higher value of the tractor and trailer at the end of this lawsuit.  Under the Federal Tort Claims Act (although it is not at all clear to the Court whether Mr. Escareno is actually bringing such a claim), Mr. Escareno could seek the value of the tractor and trailer from the federal Defendants.[12]  And under his (undeveloped) theory of conversion, Mr. Escareno could seek both the value of the tractor and trailer and compensatory damages to make him whole if he succeeded on such a claim.

Mr. Escareno also claims in his Affidavit that he "will be immediately and irreparably injured and will incur losses and damages if [his] property is deprived and sold without just compensation[,]" and that his "damages . . . will include, but are not limited to, the value of [his] [t]ractor and [t]railer, loss of use, and loss of employment opportunities."[13]  Of the three classes of damages just described, it is true that "loss of use" and "loss of employment opportunities" could qualify (under the right circumstances) as irreparable injury, but Mr. Escareno provides no meat on the bone—that is, he provides no specific facts to explain his conclusory assertions of loss of

---

[11] *See* Pls.' Mot. for TRO (Doc. 5) at 3.

[12] The Federal Tort Claims Act allows plaintiffs to bring lawsuits against the United States in federal court to recover damages from the federal Government.  *See, e.g.,* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.").

[13] *See* Escareno Aff. Ex. to Pls.' Mot. for TRO (Doc. 5) at 13.

use and loss of employment opportunities.  And while the Court could speculate as to the alleged loss of use and loss of employment opportunities, Mr. Escareno hasn't even explained in his Motion, Affidavit, or briefing what job he has and how he uses the tractor and trailer at issue.[14]

Plaintiffs' counsel has woefully missed the mark here in several respects.  Plaintiffs' counsel failed to adequately develop Mr. Escarano's legal claims and legal theories.  These deficiencies extend to a lack of factual and legal support for Mr. Escareno's arguments on the irreparable harm prong.  The Court is extremely sympathetic to Mr. Escareno's conundrum and the truly absurd outcome that has resulted from the alleged conduct in this case: the Government's seizure of a citizen's private property, storage of that property with a third party, declination to prosecute the citizen, release of all holds on the property, and refusal to pay the associated storage fees—such that the innocent citizen is left to foot an outrageously large storage bill or lose his property.  But without "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to [Mr. Escareno] before the [Defendants] can be heard in opposition[,]" the Court simply cannot intervene here, even on an emergency basis.[15]

---

[14] Perhaps the closest Mr. Escareno comes to an irreparable injury is his assertion that the sale of the tractor and trailer would violate his due process or takings-without-compensation rights.  *See* Pls.' Br. in Supp. of Mot. for TRO (Doc. 5-1) at 2 (citing generally to the Due Process and Equal Protection provisions of the Arkansas Constitution and federal Constitution).  But the Court has previously explained that violations of constitutional rights like this do not automatically create irreparable injury.  *See Reyes v. Bayne*, 4:21-cv-00334-LPR, 2021 WL 2533466, at *10 (E.D. Ark June 21, 2021).

[15] Fed. R. Civ. P. 65(b)(1)(A).

## CONCLUSION

For the reasons stated above, the Court DENIES the Motion for Temporary Restraining Order in its entirety.

IT IS SO ORDERED this 18th day of June 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE